UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20495-BLOOM/Louis

ANTOINETTE HOLLEY (GAUNTLETT),

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's ("Defendant") Motion for Summary Judgment, ECF No. [37] ("Motion"), filed on August 20, 2021. The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I. BACKGROUND**

On February 3, 2020, Plaintiff Antionette Holley (Gauntlett) ("Plaintiff") initiated the instant action against Defendant for personal injuries she sustained while onboard the *Carnival Liberty*. *See* ECF No. [1]. According to the Complaint, Plaintiff slipped and fell on a wet substance on the lido deck and "as a direct and proximate result of Defendant's failure to reasonably maintain the lido deck floor area, Plaintiff was injured." *Id.* ¶ 10. The Complaint asserts a single count for maritime negligence against Defendant, alleging that Defendant breached its duty of care by:

    a. Negligently failing to maintain or adequately maintain the lido deck floor area;

    b. Negligently fail[ing] to inspect or adequately inspect the lido deck floor area;

    c. Negligently fail[ing] to warn or adequately warn [Plaintiff] of the danger of the wet lido deck floor area, when [Defendant] knew or should have known of said danger and that [Plaintiff] was unaware of said danger; and

    d. Negligently fail[ing] to correct, or adequately correct the dangerous condition of the wet lido deck floor when said dangerous condition was known to [Defendant] or had existed for a sufficient length of time so that the Defendant should have known of it.

*Id.* ¶ 11.

Regarding the instant Motion, Defendant filed its corresponding Statement of Material Facts, ECF No. [38] ("Defendant's SMF"). Plaintiff filed her Response to the Motion, ECF No. [51] ("Response"), and her Response to Defendant's SMF and additional material facts, *id.* at 2-7 ("Plaintiff's SMF"). Finally, Defendant filed its Reply in Support of the Motion, ECF No. [55] ("Reply"), together with its Reply to Plaintiff's SMF, *id.* at 1-6 ("Defendant's SMF Reply").[1]

## II. MATERIAL FACTS

Based upon the parties' respective statements of material facts in support of and in opposition to the Motion, along with the evidence in the record, the following facts are not genuinely in dispute, unless otherwise noted.

Plaintiff was a lawfully paying passenger onboard the *Carnival Liberty*. ECF No. [51] at 2, ¶ 1; ECF No. [55] at 1, ¶ 1. On January 24, 2019, Plaintiff was standing near the pool area of the Lido Deck with her relative, Janice Holley ("Ms. Holley). ECF No. [35] at 59:11-17, 76:12-21; ECF No. [36] at 24:19-25:7. Plaintiff left the area to get a cup of ice for Ms. Holley from Emile's Restaurant. ECF No. [35] at 58:19-59:24. Plaintiff walked through the sliding glass doors into the restaurant area and, as she walked off the carpeted flooring and onto the tile, she slipped

---

[1] While neither party takes issue with the opposing party's brief, the Court highlights that, except for Defendant's SMF, the parties have failed to file a separate statement of facts as required by this Court's Scheduling Order, ECF No. [8] and S.D. Fla. L.R. 56.1(b). While these errors certainly warrant the Court striking all noncompliant briefs in their entirety, *see* S.D. Fla. L.R. 56.1(d), in the interest of fairness and expediency, the Court will consider the noncompliant briefs in resolving the Motion at issue.

and fell on a liquid substance. *Id.* at 61:17-62:10, 64:8-65:16. Plaintiff was walking alone at the time of her fall. *Id.* at 63:2-4. She did not see any crewmembers cleaning or mopping the floor prior to her fall, nor did observe any warning cones or signs in the subject area. *Id.* at 67:8-11, 74:12-19.

During her deposition, Plaintiff testified that she did not observe the liquid substance prior to her fall, but that she believed it was water because "the jumpsuit that [she] had on was wet." *Id.* at 64:11-65:16. Plaintiff further explained that, fifteen minutes prior to her fall, she observed passengers exiting the pool and going into the restaurant area with wet bathing suits and dripping water. *Id.* at 75:13-24, 77:6-80:2, 80:25-81:20. Additionally, Ms. Holley testified that while walking in the restaurant area prior to Plaintiff's incident, she noticed that the floor "was a little slippery," that it was "sprinkling rain," and that passengers were tracking water from outside and onto the restaurant floor. ECF No. [36] at 35:4-9, 37:4-38:3, 40:24-41:20. As with Plaintiff, Ms. Holley did not see any crewmembers cleaning or mopping the restaurant floor. *Id.* at 40:17-22.

Arjun K. Chettri ("Mr. Chettri") was the Acting Assistant Chief Security Officer who investigated Plaintiff accident on January 24, 2019. ECF No. [44-1] at 7-15. As a security officer, Mr. Chettri's responsibilities included, but were not limited to, patrolling ships, evidence collections, scene preservation, and accident investigations. *Id.* at 7:21-8:6. During his deposition, Mr. Chettri agreed that "people can leave the pool area and walk into the restaurant area, dripping water" and explained that crewmembers are supposed to stop guests and warn them not to drip water into the restaurant to prevent the floor from getting wet. *Id.* at 26:24-28:23; *see also* ECF No. [51] at 4, ¶¶ 25-26; ECF No. [55] at 3, ¶¶ 25-26. Mr. Chettri further testified that water being tracked into the restaurant was a problem known by both himself and crewmembers, and that it could result in a slip and fall. ECF No. [44-1] at 28:1-29:23; *see also* ECF No. [51] at 4, ¶¶ 27-28; ECF No. [55] at 3, ¶¶ 27-28.

Defendant now moves for summary judgment, arguing that it did not have actual or constructive notice of the alleged dangerous condition. *See generally* ECF No. [37].

## III.  LEGAL STANDARD

A court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties may support their positions by citations to materials in the record, including, among other things, depositions, documents, affidavits, or declarations. *See* Fed. R. Civ. P. 56(c). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247-48).

A court views the facts in the light most favorable to the non-moving party, draws "all reasonable inferences in favor of the nonmovant and may not weigh evidence or make credibility determinations, which 'are jury functions, not those of a judge.'" *Lewis v. City of Union City, Ga.*, 934 F.3d 1169, 1179 (11th Cir. 2019) (quoting *Feliciano v. City of Mia. Beach*, 707 F.3d 1244, 1252 (11th Cir. 2013)); *see also Crocker v. Beatty*, 886 F.3d 1132, 1134 (11th Cir. 2018) ("[W]e accept [the non-movant's] version of the facts as true and draw all reasonable inferences in the light most favorable to him as the non-movant."). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which a jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. "If more than one inference could be construed from the facts by a reasonable fact finder, and that inference introduces a genuine issue of material fact, then the district court should not grant summary judgment." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996 (11th Cir. 1990).

The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Comm'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

Initially, the moving party bears the "responsibility of informing the . . . court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). If a movant satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id.* (quoting *Celotex Corp.*, 477 U.S. at 322). The non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *Shiver*, 549 F.3d at 1343. Yet, even where a non-movant neglects to submit any alleged material facts in dispute, a court must still be satisfied that the evidence in the record supports the uncontroverted material facts proposed by the movant before granting summary judgment. *Reese v. Herbert*, 527 F.3d 1253, 1268-69, 1272 (11th Cir. 2008); *United States v. One Piece of Real Prop. Located at 5800 S.W. 74th Ave., Mia., Fla.*, 363 F.3d 1099, 1103 n.6 (11th Cir. 2004) ("*One Piece of Real Prop.*"). Indeed, even "where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from those facts," summary judgment may be inappropriate. *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).

In resolving the issues presented under Rule 56, "the court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied." *Carlin Commc'n, Inc.*, 802 F.2d at 1356. Moreover, summary judgment is inappropriate where the Court would be required to weigh conflicting renditions of material fact or determine witness credibility. *See Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 919 (11th Cir. 1993); *see also Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) ("It is not the court's role to weigh conflicting evidence or to make credibility determinations; the non-movant's evidence is to be accepted for purposes of summary judgment."); *Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he [or she] is ruling on a motion for summary judgment or for a directed verdict." (quoting *Anderson*, 477 U.S. at 255)); *see also Ramirez v. Nicholas*, No. 13-60820-CIV, 2013 WL 5596114, at *4 (S.D. Fla. Oct. 11, 2013) ("The Court may not make the credibility determinations needed to resolve this conflict; only the jury may do so.").

## IV. DISCUSSION

### A. Maritime Law

The parties agree that this case is governed by maritime law. "Maritime law governs actions arising from alleged torts committed aboard a ship sailing in navigable waters." *Guevara v. NCL (Bah.) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (citing *Keefe v. Bah. Cruise Line, Inc.*, 867 F.2d 1318, 1320-21 (11th Cir. 1989)). "In analyzing a maritime tort case, [courts] rely on general principles of negligence law." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (quoting *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)). "To prevail on a negligence claim, a plaintiff must show that '(1) the defendant had a duty to protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach actually and

proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm.'" *Guevara*, 920 F.3d at 720 (quoting *Chaparro*, 693 F.3d at 1336). "Each element is essential to Plaintiff's negligence claim and Plaintiff cannot rest on the allegations of her complaint in making a sufficient showing on each element for the purposes of defeating summary judgment." *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1236-37 (S.D. Fla. 2006).

"A cruise-ship operator 'is not liable to passengers as an insurer, but only for its negligence.' The mere fact of an accident causing injury is insufficient to establish that a dangerous condition existed." *D'Antonio v. Royal Caribbean Cruise Line, Ltd.*, 785 F. App'x 794, 796-97 (11th Cir. 2019) (quoting *Keefe*, 867 F.2d at 1322); *see also Looney v. Metro. R.R. Co.*, 200 U.S. 480, 486 (1906) ("A defect cannot be inferred from the mere fact of an injury. There must be some proof of the negligence."); *Miller v. NCL (Bah.) Ltd.*, No. 15-cv-22254, 2016 WL 4809347, at *4 (S.D. Fla. Apr. 6, 2016) ("Generally, ship owners and operators do not owe a heightened or special duty of care to their passengers." (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959))), *aff'd*, 679 F. App'x 981 (11th Cir. 2017). Rather, "[u]nder maritime law, the owner of a ship in navigable waters owes passengers a duty of reasonable care under the circumstances." *Sorrels v. NCL (Bah.) Ltd.*, 796 F.3d 1275, 1279 (11th Cir. 2015).

The duty of reasonable care requires, "as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." *Keefe*, 867 F.2d at 1322. "In other words, a cruise ship operator's duty is to shield passengers from known dangers (and from dangers that should be known), whether by eliminating the risk or warning of it." *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1178 (11th Cir. 2020). Thus, a cruise-ship operator's liability often "hinges on whether it knew or should have known about the dangerous condition." *Guevara*, 920 F.3d at 720; *see also D'Antonio*, 785 F. App'x at 797. "The mere fact that an accident occurs does not give rise to a presumption that the setting of the accident constituted a dangerous condition."

*Miller*, 2016 WL 4809347, at *4. Moreover,

> [t]o establish the owner of a ship in navigable waters breached its duty of care, a plaintiff must show: "(1) a dangerous condition existed; [and] (2) the vessel's operator had actual notice of the dangerous condition; or (3) if there was no actual notice, that [d]efendant had constructive notice of the dangerous condition for an interval of time sufficient to allow the vessel's operator to implement corrective measures." *Reinhardt v. Royal Caribbean Cruises, Ltd.*, No. 1:12-cv-22105, 2013 WL 11261341, at *4 (S.D. Fla. Apr. 2, 2013) (alteration added; citations omitted).

*Stewart v. Carnival Corp.*, 365 F. Supp. 3d 1272, 1275 (S.D. Fla. 2019).

Applying these legal principles, the Court considers the Motion.

### B. Actual or Constructive Notice

To prove Defendant's duty of care, Plaintiff must first establish that Defendant had actual or constructive notice of the dangerous condition. "Actual notice exists when the shipowner knows of the unsafe condition." *Lebron v. Royal Caribbean Cruises Ltd.*, 818 F. App'x 918, 920 (11th Cir. 2020) (citing *Keefe*, 867 F.2d at 1322). "A maritime plaintiff can establish constructive notice with evidence that the 'defective condition exist[ed] for a sufficient period of time to invite corrective measures.'" *Guevara*, 920 F.3d at 720 (quoting *Monteleone v. Bah. Cruise Line, Inc.*, 838 F.2d 63, 65 (2d Cir. 1988)) (citing *Keefe*, 867 F.2d at 1322; *Rodgers v. Costa Crociere, S.p.A.*, No. 08-60233, 2009 WL 10666976, at *3 (S.D. Fla. July 6, 2009)). "Alternatively, a plaintiff can establish constructive notice with evidence of substantially similar incidents in which 'conditions substantially similar to the occurrence in question must have caused the prior accident.'" *Id.* (quoting *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661-62 (11th Cir. 1988)).

Defendant contends it is entitled to summary judgment because there is no evidence that Defendant had actual or constructive notice regarding the presence of liquid or water in the subject area prior to Plaintiff's fall. ECF No. [37] at 6. Specifically, Defendant points to the absence "of any accident reports, comments/reviews/forms, or reports from a safety inspection(s) alerting [Defendant] of any potential safety concerns." *Id.* at 6-7. Moreover, according to Defendant,

8

"Plaintiff has failed to establish that the liquid was present on Emile's Restaurant floor long enough to provide notice and allow for corrective action." *Id.* at 7.

Plaintiff, in opposition, responds that summary judgment is inappropriate because a reasonable factfinder could conclude that Defendant had notice of the dangerous condition because: (1) Plaintiff observed people tracking water from the pool area into the restaurant area at least fifteen minutes prior to her fall, and the liquid substance appeared to be water; (2) Mr. Chettri testified that the crewmembers by the pool area are instructed to stop passengers to dry off before going into the restaurant to present a slip hazard; (3) Mr. Chettri also admitted that water being tracked into the restaurant area from the pool was a problem known by both himself and crewmembers; and (4) Plaintiff's expert opined that the tile surface that Plaintiff slipped on fell below industry standards and was dangerously slippery when wet.[2]

Upon review of the evidence in the record, the Court is satisfied that genuine issues of material fact exist as to whether Defendant had constructive notice of the dangerous condition. Specifically, Plaintiff testified that she observed passengers tracking water from the pool area into the restaurant area prior to her fall and, upon her return to the subject area approximately fifteen minutes later, she slipped and fell on a liquid substance which she believed to be water. ECF No. [35] at 64:11-16, 75:13-80:20. *See Lebron*, 818 F. App'x at 922 (finding a genuine issue of material fact regarding defendant's constructive notice where plaintiff's testimony could lead a reasonable jury to conclude that the dangerous condition existed for at least ten minutes before her accident); *see also Hodson v. MSC Cruises, S.A.*, No. 20-22463-CIV, 2021 WL 3639752, at *7-8, *13-14 (S.D. Fla. Aug. 2, 2021), *report and recommendation adopted*, No. 20-22463-CIV, 2021 WL

---

[2] Plaintiff also argues that the presence of the carpeted mat leading into the restaurant is evidence of notice. ECF No. [51] at 13. To the extent Plaintiff argues that the Court should equate the carpeted mat to a warning sign stating "watch your step" or "slippery when wet," the Court is unaware of, and Plaintiff has failed to cite to, any authority in support of that position.

3634809 (S.D. Fla. Aug. 16, 2021) (finding sufficient evidence to permit an inference of constructive notice where plaintiff testified that passengers in wet bathing suits were tracking water from the pool and into the subject area at least ten minutes prior to her fall).

Notably, Mr. Chettri testified that crewmembers who attend the pool area are supposed to stop and warn passengers to dry off before going into the restaurant area, and further admitted that water being tracked into the restaurant area was a problem of which both he and crewmembers were aware. ECF No. [44-1] at 26:24-30:4; *see also* ECF No. [51] at 4, ¶¶ 25-28; ECF No. [55] at 3, ¶¶ 25-28. Viewing the evidence in the light most favorable to Plaintiff, a reasonable jury could conclude that the dangerous condition existed for a sufficient length of time to charge Defendant with constructive notice of the dangerous condition.

Nonetheless, Defendant seemingly argues that Plaintiff's deposition testimony should be disregarded on the basis that it is self-serving and amounts to mere speculation. Specifically, Defendant argues that Plaintiff could not conclusively testify that the liquid on the floor that caused her to fall was water, ECF No. [37] at 7 (citing ECF No. [35] at 64:18-22, 66:2-20), and that "Plaintiff's travel companion, Janice Holley, who was with Plaintiff at the time, testified that she saw no one come in from the outside pool area dripping with water into the restaurant before the alleged incident[,]" ECF No. [55] at 9-10 (citing ECF No. [36] at 41:12-15). While it is certainly possible that the liquid substance was not water or that the substance was not on the floor long enough for crewmembers to have discovered it, the Court, at this juncture, must draw all reasonable inferences in the light most favorable to Plaintiff. Resolution of Defendant's arguments challenging its constructive notice would require the Court to make impermissible credibility determinations and to weigh facts in evidence. Accordingly, the Court concludes that there are

genuine issues of material fact regarding Defendant's notice of the dangerous condition. Upon this basis alone, Defendant is not entitled to summary judgment.[3]

## V. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [37]**, is **DENIED** consistent with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 2, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[3] Because Defendant has failed to show that no genuine issue of material fact exists with respect to the issue of notice warranting the entry of summary judgment, the Court does not consider Plaintiff's second theory that Defendant had notice via the slippery nature of the flooring.