UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20495-BLOOM/Louis

ANTOINETTE HOLLEY (GAUNTLETT),

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

**ORDER ON OMNIBUS MOTION *IN LIMINE***

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's ("Defendant") Omnibus Motion *in Limine*, ECF No. [39] ("Motion"), filed on August 20, 2021. Plaintiff Antoinette Holley (Gauntlett) ("Plaintiff") filed her Response and Objections to the Motion, ECF No. [50] ("Response"), to which Defendant filed a Reply, ECF No. [56] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

**I. BACKGROUND**

The Court assumes the parties' familiarity with the facts of this case.

**II. LEGAL STANDARD**

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id*. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of

foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-CV-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*." (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989))).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"); *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011); *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v.*

*Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001). The movant has the burden to demonstrate that the evidence is inadmissible. *Gonzalez*, 718 F. Supp. 2d at 1345.

### III. DISCUSSION

Defendant seeks to preclude Plaintiff from introducing the following categories of evidence at the upcoming trial:

(a) Testimony that goes beyond Plaintiff's answers given in her discovery responses or at her deposition;

(b) Expert testimony by Plaintiff's treating physicians;

(c) Plaintiff's medical records;

(d) Plaintiff's reference to hearsay medical testimony;

(e) Evidence that qualifies as inadmissible hearsay;

(f) Evidence as to the need and cost of future medical care;

(g) Evidence regarding loss of earnings and ability to earn money as a result of the subject incident;

(h) Introduction of medical expenses as evidence of damages as to the amount that Plaintiff actually paid and to exclude as evidence any other amounts billed;

(i) Speculating that the alleged water on the floor in Emile's Restaurant was from rain or children dripping water form the outside pool;

(j) Referencing jury verdicts or settlements in unrelated cases;

(k) Referencing immaterial matters and events;

(l) Comments by counsel concerning personal knowledge or justness of cause;

(m) Urging the jury to "send a message" or "teach a lesson" to Defendant;

(n) Using inflammatory language as evidence; and

(o) Referencing unrelated media reports and/or matters wholly unrelated to this case involving other maritime accidents or incidents.

In her Response, Plaintiff does not oppose the categories of evidence addressed in (e), (g), (j), (k)-(o). As such, Defendant's Motion is granted with respect to (e), (g), (j), (k)-(o). The Court now considers Defendant's requests to exclude the remaining categories of evidence.

### i. Testimony that goes beyond Plaintiff's answers given in her discovery responses or at her deposition

Defendant seeks to preclude Plaintiff from testifying about any injuries, facts, or damages beyond what has been furnished throughout the discovery process. ECF No. [39] at 2. Plaintiff objects on the basis "that this motion assumes that Defendant has asked all the right questions" and "that the Plaintiff's life is stagnant and [does not] change." ECF No. [50] at 2.

"Motions in limine should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial, or (re)-addressing substantive motions such as motions for summary judgment." *Holder*, 2018 WL 4956757, at *1 (citing *Royal Indem. Co. v. Liberty Mut. Fire Ins. Co.*, No. 07-80172-CIV-COOKE, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008). Further, a district court may deny a motion *in limine* when it "lacks the necessary specificity with respect to the evidence to be excluded." *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, No. CIV. A. 99-D-880-E, 2001 WL 617521, at *1 (M.D. Ala. Feb. 20, 2001) (quoting *Nat'l Union v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996)).

The Court concludes that this motion *in limine* is overbroad in that it "lacks the necessary specificity with respect to the evidence to be excluded." *Id.* Additionally, the Court will not exclude any allegedly improper testimony that was not disclosed in the abstract. Thus, until the purportedly offensive testimony is known with more specificity, this motion must be denied. *See Thompkins v. Lil' Joe Recs., Inc.*, No. 02-61161CIV, 2003 WL 25719229, at *2 (S.D. Fla. Dec. 3, 2003). Lastly, to the extent that Plaintiff is requesting that the Court enforce the rules governing trial, this

request is not properly the subject of a motion *in limine. See Holder*, 2018 WL 4956757, at *1. Thus, the Motion is denied as to this matter.

### ii. Expert testimony by Plaintiff's treating physicians

Defendant seeks to preclude Plaintiff's treating physicians from testifying regarding "causation of Plaintiff's damages and other inappropriate opinions" on the basis that it amounts to expert testimony. ECF No. [39] at 3. Plaintiff objects, arguing that "[i]t is well settled that treating physicians are non-hired experts who can testify within their treatment, prognosis and diagnoses." ECF No. [50] at 2.

"When a treating physician testifies regarding opinions 'formed and based upon observations made during the course of treatment,' the treating physician need not produce a Rule 26(a)(2)(B) report." *In re Denture Cream Prods. Liab. Litig.*, No. 09-2051-MD, 2012 WL 5199597, at *4 (S.D. Fla. Oct. 22, 2012) (citation omitted). Likewise, "because a treating physician considers not only the plaintiff's diagnosis and prognosis, opinions as to the cause of injuries do not require a written report if based on the examination and treatment of the patient." *Levine v. Wyeth, Inc.*, No. 8:09-cv-854-T-33AEP, 2010 WL 2612579, at *1 (M.D. Fla. June 25, 2010). "Treating physicians commonly consider the cause of any medical condition presented in a patient, the diagnosis, the prognosis, and the extent of disability, if any, caused by the condition or injury." *Id.*; *see also McGuire v. Davis*, 437 F.2d 570, 572-73 (5th Cir. 1971) (finding objection to doctor's testimony as to causation without merit because "a physician who has examined an injured party may describe what he has seen and give his expert inferences therefrom");[1] *Jones v. Royal Caribbean Cruises, Ltd.*, No. 12-20322-CIV, 2013 WL 8695361, at *5 (S.D. Fla. Apr. 4, 2013).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

5

On the other hand, "[w]here a doctor's opinion extends beyond the facts disclosed during care and treatment of the patient and the doctor is specially retained to develop opinion testimony, he or she is subject to the provisions of Rule 26(a)(2)(B)." *Levine*, 2010 WL 2612579, at *1 (citing *Brown v. Best Foods*, 169 F.R.D. 385, 388 (N.D. Ala. 1996)).

Plaintiff's treating physicians are permitted to discuss the treatment and care provided to Plaintiff, as well as any future medical intervention, so long as they testify about their observations based on their personal knowledge and treatment of Plaintiff. Because Defendant does not clearly specify which opinions it seeks to preclude, the Court will address the testimony of Plaintiff's treating physicians at trial. Thus, the Motion is denied as to this matter.

### iii. Plaintiff's medical records

Defendant seeks to preclude Plaintiff from introducing her medical records as evidence because "Plaintiff has offered no foundation for her admission under an exception to the rule against hearsay, and Plaintiff has also failed to authenticate the documents or provide [Defendant] a notice of intent to rely on the documents as self-authenticating" under Rule 902(11). ECF No. [39] at 4; *see* Fed. R. Evid. 902(11) ("Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the [business] record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them."). Plaintiff objects on the basis that Defendant has a copy of Plaintiff's medical records, Plaintiff's medical records fall with an exception to the rule against hearsay, and Plaintiff can authenticate her own medical records. ECF No. [50] at 3.

Upon review, the Court finds no basis to exclude Plaintiff's medical records. Indeed, despite Defendant's representation that it "has been prevented from having a fair opportunity to challenge [the records]," ECF No. [56] at 4, Defendant does not dispute that it received a copy of Plaintiff's medical records during the course of discovery. *See generally* ECF Nos. [39] and [56].

6

To the extent Defendant contends that Plaintiff has failed to timely authenticate these records under Rule 902(11), Plaintiff is not precluded from laying a proper foundation for the admissibility of her medical records at trial. Additionally, to the extent Defendant seeks to preclude the use of the medical records as inadmissible hearsay, the records may fall within various exceptions to the rule. *See, e.g.*, Fed. R. Evid. 803(4) ("Statement Made for Medical Diagnosis or Treatment"); *see also* Fed. R. Evid. 803(6) ("Records of a Regularly Conducted Activity"). Thus, the Motion is denied as to this matter.

### iv. Plaintiff's reference to hearsay medical testimony

Defendant "seeks to preclude reference to hearsay medical testimony asserted by Plaintiff to prove injury or illness." ECF No. [39] at 6. As Plaintiff correctly highlights, Defendant has failed to identify any hearsay statements it believes are inadmissible. ECF No. [50] at 3. To be appropriate, motions *in limine* should address specific pieces of evidence that are inadmissible on any *relevant* ground. *See Gonzalez*, 718 F. Supp. 2d at 1345. Importantly, such motions should not be used as an attempt to ensure that the rules of court will be enforced at trial. *See Holder*, 2018 WL 4956757, at *1. Thus, Defendant's Motion is denied as to this matter.

### v. Evidence as to the need and cost of future medical care

Defendant seeks to preclude Plaintiff from introducing evidence as to the need and cost of future medical care because "she has no future medical treatment planned at present and no medical professional has opined that future medical care is needed." ECF No. [39] at 7. Plaintiff, however, represents that she will call as an expert, Dr. Anthony Albert, who will opine as to future medical care, treatment and costs, and who was also properly disclosed and deposed in this action. ECF No. [50] at 4. Based upon Plaintiff's representations, to which Defendant failed to address in its Reply, the Court finds no basis to exclude Dr. Albert from testifying as to future medical care

and cost. The exact boundaries of Dr. Albert's testimony should be addressed with specific objections to specific testimony in the context of trial. Thus, the Motion is denied as to this matter.

### vi. Introduction of medical expenses as evidence of damages as to the amount that Plaintiff actually paid and to exclude as evidence any other amounts billed

Defendant seeks to preclude Plaintiff from introducing the full amount of her medical expenses billed as a result of the subject incident. According to Defendant, "it is improper to introduce medical bills which represent the total amount billed rather than the amount that was actually accepted as payment in full satisfaction of the bills." ECF No. [39] at 9. Plaintiff maintains that Defendant's precise argument was rejected by the Eleventh Circuit in *Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295 (11th Cir. 2020). ECF No. [50].

In *Higgs*, the Eleventh Circuit addressed "how to calculate past medical expense damages in a maritime tort action where, as has become common, there is a dramatic disparity between the amount a healthcare provider bills a plaintiff for treatment and the amount her insurer actually pays the provider in satisfaction." *Id.* at 1308. *Higgs* addressed the appropriate calculation for past medical expense damages, in light of the significant deviation between the amounts paid versus amounts billed that have become common in modern healthcare, and held "that the appropriate measure of medical damages is a reasonable value determined by the jury upon consideration of all relevant evidence. Both the amount *billed* by healthcare providers and the amount *paid* by insurers are admissible as relevant to the question of fixing reasonable value." *Id.*

Critically, in applying the collateral source rule to permit the introduction of evidence on the amount paid, the Eleventh Circuit rejected any bright-line cap to the calculation of medical damages based on the amount paid, and concluded instead that the jury should be presented with *all* relevant evidence in determining the reasonable value of the medical services received. *Id.* at 1314-16. Specifically, the *Higgs* Court emphasized:

>The resolution of this question turns on the construction of a principle of tort law known as the collateral source rule. The collateral source rule is both a substantive principle of damages and an evidentiary rule. In its substantive role, the collateral source rule provides that a plaintiff is entitled to recover the full value of the damages caused by a tortfeasor, without offset for any amounts received in compensation for the injury from a third party (like an insurance company or a family member). *See Bourque v. Diamond M. Drilling Co.*, 623 F.2d 351, 354 (5th Cir. 1980); Restatement (Second) of Torts § 920A(2) ("Payments made to or benefits conferred on the injured party from other sources are not credited against the tortfeasor's liability, although they cover all or a part of the harm for which the tortfeasor is liable."). In its evidentiary role, the collateral source rule bars the admission of evidence of payments made by third parties. *Bourque*, 623 F.2d at 354 ("[T]he rule prohibits the introduction of evidence offered to show that [a plaintiff] already has been compensated for his injuries.").
>
>The collateral source rule is thus an exception to the basic tort principle that damages are designed to make the plaintiff whole—the rule allows a plaintiff to recover damages for a harm for which she has already been compensated. In fact, it makes her more than whole. 25 C.J.S. *Damages* § 189 ("The collateral-source rule is an exception to the general rule of damages preventing a double recovery by an injured party, or in other words, it is an exception to the general rule that in a tort action, the measure of damages is that that will compensate and make the plaintiff whole."). But the law conceptualizes the collateral source payment as necessarily a windfall—after all, a party other than the victim or the alleged tortfeasor has voluntarily chosen to bear the costs of the victim's injury—that is better awarded to the plaintiff than the tortfeasor. *See Sweep v. Lear Jet Corp.*, 412 F.2d 457, 459 (5th Cir. 1969) (summarizing justifications for the collateral source rule). Moreover, the rule is understood to avoid discouraging plaintiffs from prudently paying for insurance by limiting their recoveries, and it deters negligence by punishing tortfeasors for the full amount of their wrongdoing. *Id.*
>
>It is also well established that the collateral source rule—both in its substantive and evidentiary roles—applies to maritime tort cases. *See Bourque*, 623 F.2d at 352, 354. Its proper application to contemporary medical expenses is a vexing question, however. *See McConnell v. Wal-Mart Stores, Inc.*, 995 F. Supp. 2d 1164, 1169 (D. Nev. 2014) ("As controversial as the collateral source rule is, whether the rule should apply to 'write-downs' is even more so."). It is uncontested that as a substantive, general matter, the collateral source rule applies to the calculation of Higgs's medical damages. That is, Higgs is entitled to recover medical damages over and above the amount she paid out of pocket, even though those costs were settled by her insurer. Both parties agree—as they must—that Higgs is entitled to recover some amount for which United Healthcare was solely responsible. Thus, in some real way, she is *going* to receive a windfall. The question before us is how much, and how that figure should be calculated.

*Id.* at 1310-11 (footnote omitted).

Additionally, while this method of computation necessarily contemplated introducing to the jury evidence of discounts or write offs made by third parties, it did not otherwise alter the basic principles that underlie the collateral source doctrine. *See id.* at 1316 ("In this way, admitting evidence of the paid amount—which could have been paid by the plaintiff (indeed, part of it was), the insurer, or anyone else—does not violate the letter or the spirit of the collateral source rule. It is simply a figure, described as the total actual amount of payment, that provides a benchmark for the jury's consideration of the reasonable value of a provider's medical services."). Ultimately, the "guiding principle is that plaintiffs are entitled to recover the reasonable value of treatment for injuries they have sustained, regardless of whether their medical expenses have been paid and by whom." *Id.* at 1311.

To the extent that the Defendant reads *Higgs* in a manner that would permit a tortfeasor to set off payments made by third parties in order to reduce its own liability amount, that reading is clearly contrary to *Higgs*' holding and to the collateral source rule. As the Eleventh Circuit emphasized, "[i]n its substantive role, the collateral source rule provides that a plaintiff is entitled to recover the full value of the damages caused by a tortfeasor, *without offset for any amounts received in compensation for the injury from a third party* (like an insurance company or a family member)." *Id.* at 1310 (emphasis added). Furthermore, the jury's entitlement to consider evidence of a healthcare write-off in determining the reasonable value of a plaintiff's medical damages has no impact on a tortfeasor's ability to reduce its liability by amounts paid from collateral sources. "In other words, because the amount billed does not create a debt in any meaningful sense, the write-off is not a reduction of debt in any meaningful sense[.]" *Id.* at 1315. Thus, the Motion is granted in part as to this matter.

**vii. Speculating that the alleged water on the floor in Emile's Restaurant was from rain or children dripping water from the outside pool**

Defendant seeks to preclude Plaintiff from introducing evidence that: (1) "Carnival crewmembers failed to warn guests that the alleged area in the Emile's Restaurant may be wet and/or slippery after it was raining outside;" and (2) "wet children coming from the pool were running into the area dripping wet with water[.]" ECF No. [39] at 11. In sum, Defendant is requesting that the Court preclude Plaintiff from introducing any evidence as to her theory of notice in this case. The Court declines the invitation. To the extent Defendant claims that Plaintiff's evidence of notice is speculative, the Court already rejected Defendant's contention in its Order denying Defendant's Motion for Summary Judgment. *See* ECF No. [59]. Thus, the Motion is denied as to this matter.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [39]**, is **GRANTED IN PART AND DENIED IN PART** consistent with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 15, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record